IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEVIN V. DACUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11cv23-WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff, Kevin V. Dacus, applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*.  His applications were denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision.  Tr. 15.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("the Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social

129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #19); Def.'s Consent to Jurisdiction (Doc. #18). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of

---

Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>   Impairments]
>   (4) Is the person unable to perform his or her former occupation?
>   (5) Is the person unable to perform any other work within the economy?
>
>   An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was in his early fifties at the time of the hearing before the ALJ and had completed a college degree. Tr. 18. Plaintiff's past relevant work experience was as a school teacher. Tr. 27. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since December 27, 2006, the alleged onset date." (Step 1). Tr. 17. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: mild degenerative disc disease of the lumbar spine with mild spinal stenosis; facet joint arthritis; major depression; history of illegal substance abuse; and alcohol abuse. Tr. 18. The ALJ then found that "if the claimant stopped the substance abuse, the claimant would not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) Tr. 11. Next, the ALJ found that Plaintiff retained the residual functional capacity to perform a range of light work with several restrictions. Tr. 26. The ALJ then found that if Plaintiff refrained from engaging in substance abuse, he would be able to perform his past relevant work as a school teacher. (Step 4) Tr. 27. Although not required, the ALJ proceeded to Step 5, and after consulting with a VE, found that "there are jobs that exist in significant numbers

in the regional and national economies that [Plaintiff] can perform," including: "Information Order Clerk," "Cashier," and "Assembler." Tr. 28. Accordingly, the ALJ determined that because Plaintiff would not be disabled if he stopped the substance abuse and the substance abuse was a contributing factor material to the determination of disability, Plaintiff "has not been disabled . . . from the alleged onset date through the date of this decision." *Id*.

## IV.  PLAINTIFF'S CLAIMS

Plaintiff presents four issues for this court's consideration: 1) whether this court "should enter a disability finding determining that the combination of [Plaintiff's] impairments leave him unable to engage in substantial gainful activity as well as medically equal listing 12.04"; 2) whether "the ALJ failed to give adequate weight to the claimant's treating physician"; 3) whether the "ALJ failed to consider a consultative neurological examination as well as a physician's medical source statement"; and 4) whether the "ALJ failed to find disability based on Grid Rule 201.14." Pl.'s Brief (Doc. #11) at 6.

## V.  DISCUSSION

### *A.  Whether this court should enter a disability finding.*

Plaintiff urges the court to, "based upon the ALJ's administrative findings, [ . . .] enter a disability finding determining that the combination of [Plaintiff's] impairments medically equal listing 12.04." *Id*. Other than making this statement Plaintiff fails to articulate which administrative findings support his request that this court enter a disability finding. Instead,

Plaintiff appears to challenge whether there was enough evidence to support Dr. McKeown's opinion that Plaintiff's severe impairments were due to Plaintiff's substance abuse and whether the ALJ could rely alone on Dr. McKeown's opinion. The problem with this argument is that the ALJ did not rely on Dr. McKeown's opinion alone. Indeed, the ALJ did rely on the examining expert's testimony, which he may do, and also on that of the other medical evidence of record which supported his determination that Plaintiff only suffered mild impairments when not engaging in substance abuse. Plaintiff fails to address this portion of the ALJ's opinion and this court is not inclined to suppose arguments on Plaintiff's behalf. Instead, this court has reviewed the record, and the ALJ's decision, and has determined that it is supported by substantial evidence and Plaintiff's request that this court award benefits is due to be denied.

> **B.** *Whether the ALJ properly assigned weight to the opinion of Plaintiff's treating physician.*

Plaintiff argues that the ALJ improperly rejected the opinion of Dr. Underwood, Plaintiff's treating physician. Specifically, Plaintiff challenges the ALJ's rejection of Dr. Underwood's clinical assessment plan. *Id*. at 8. Plaintiff is correct that the ALJ gave no weight to Dr. Underwood's physical assessments. However, Defendant argues that the ALJ properly rejected Dr. Underwood's opinion.

Dr. Underwood completed a physical capacities evaluation, a clinical assessment of pain, and an ability to work report on March 30, 2009. Tr. 514-16. Within those forms, he

opined that Plaintiff: could only sit for two hours during an eight hour work day, stand for three hours during an eight hour work day and walk for a total of one hour during an eight hour work day; could never lift over 26 lbs, never stoop, climb, work around unprotected heights, work around machinery, must avoid exposure to marked changes in temperature and humidity and must avoid exposure to dust, fumes and gas fumes; and would miss work more than four days per month due to his impairments or treatment. Tr. 514.  Dr. Underwood also opined that: Plaintiff's pain is present to such an extent as to be distracting to adequate performance of daily activities or work; that physical activity would increase the pain to such an extent that bed rest and/or medication is necessary; the side effects of the medication would cause Plaintiff to be restricted and unable to function at a productive level or work; and that Plaintiff would not be able to work the equivalent of eight hours a day, five days a week and that his conditions have lasted or are expected to last at least 12 months. Tr. 515-16.  The ALJ rejected all of the opinions on these forms, stating:

> From a physical perspective, Dr. Underwood's physical capacities evaluation, clinical assessment of pain, and ability to work report, are all rejected. Although the doctor does have a treating relationship with the claimant, the record reveals that actual treatment visits have been relatively infrequent. The doctor's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness. The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exists good reasons for questioning the reliability of the claimant's subjective complaints [*see* Tr. 19].

Tr. 27

When confronted with the opinion of a claimant's treating physician, the ALJ must afford it substantial and considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also Bliss v. Comm'r of Soc. Sec.*, 254 F. App'x 757, 758 (11th Cir. 2007) ("An ALJ may reject the opinion of a treating physician, which ordinarily receives substantial weight, where 'good cause' is established."). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). "Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court may not "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 2008 WL 4962696 at *1 (11th Cir. Nov. 21, 2008). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

In this case, the ALJ articulated good cause for rejecting Dr. Underwood's opinion,

by pointing out that the doctor's own treatments notes did not match his conclusions, which all seem to be based on Plaintiff's subjective complaints of pain. As the ALJ further explained, he did not find Plaintiff's subjective complaints of paint to be credible.[5] The ALJ's clear articulation of good cause for rejecting Dr. Underwood's reports was proper and based on the evidence of record. Accordingly, this court finds no error.

C. **Whether the ALJ properly considered Dr. Leuschke's opinion.**

Plaintiff argues that Dr. Leuschke's opinion clearly placed Plaintiff in a sedentary job, but the ALJ failed to discuss the doctor's opinion. Plaintiff appears to be talking about a Medical Source Statement form completed by the doctor on July 2, 2009. Tr. 526-31. While the ALJ did not discuss the form, he did discuss the consultive examination with Dr. Leuschke on that date, and its results. Tr. 23. The ALJ is not required to discuss every piece of evidence of record. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). It is evident from the ALJ's decision and his discussion of Dr. Leuschke's examination that he considered the doctors findings.

Moreover, Plaintiff fails to explain to the court how the form "clearly" places Plaintiff in a sedentary job, or how the limitations expressed within the RFC would pose any significant conflict with the form, or undermines the ALJ's ultimate determination. Again, the court will not suppose arguments on Plaintiff's behalf. The court finds that it is clear the

---

[5] Plaintiff does not specifically challenge this credibility determination.

ALJ considered Dr. Leuschke's opinion and any error in the ALJ's failure to mention the source form was harmless.[6]  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

### D.  Whether the ALJ erred when he failed to find disability based on Grid Rule 201.14.

Here, Plaintiff argues the ALJ erred when he failed to apply the Guidelines, or grids, to find Plaintiff disabled.  Specifically, Plaintiff claims that the ALJ should have applied Grid Rule 201.14 to make a disability determination because "[t]he substantial evidence in the record as a whole supports such determination."  Pl.'s Brief (Doc. #11) at 9.  Plaintiff does not however detail what evidence supports an application of the grids.  Essentially, Plaintiff objects to the ALJ's determination that when not engaged in illegal substance abuse, Plaintiff's impairments do not rise to the level of disability.

As to the issue of the grids, Defendant rightly points out that because the ALJ found that Plaintiff's RFC did not preclude him from performing his past relevant work as a school teacher, the use of the grids was precluded.  *See* 20 C.F.R. § 404.1569.  In addition, "[w]hen the claimant cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills, exclusive reliance on the grids is inappropriate."  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  In the present case, because the RFC precluded a full range of light work, exclusive reliance on the

---

[6] Notably, Plaintiff's argument here is that he is eligible for sedentary work not that he is disabled.

grids would have been inappropriate. Accordingly, the court finds Plaintiff's claim that the ALJ should have relied exclusively on the grids to be without merit. Further, Plaintiff fails to provide the court with sufficient evidence to support his contention that he would be disabled, or satisfy the grids for a finding of disability, were he to have stopped the substance abuse. Thus, the court finds this claim to be without merit.

## VI.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED. A separate judgment will issue.

Done this 29th day of December, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE